Cooke, J.
(dissenting). As witnessed by the result here, blind adherence to the terms of a rather vague statute may sometimes lead to harsh and absurd ends, resulting in the effective disenfranchisement of a significant number of voters. Because some of the signatures on the designating petition were authenticated by a Town Justice and a town councilman rather than by a notary public or commissioner of deeds (Election Law, § 6-132, subd 3), the majority has seen fit to uphold a denial of certification of respondent’s candidacy by the Board of Elections.
Section 298 of the Real Property Law grants to a Town Justice and a town councilman authority within a designated area to take acknowledgments or proofs of a conveyance of real property situate within the State. In turn, CPLR 2309 stipulates that, unless otherwise provided, an oath or affirmation may be administered by any person authorized to take acknowledgments of deeds by the Real Property Law. Finally, section 11 of the General Construction Law provides that "[w]hen the execution of any instrument or writing is authorized or required by law to be acknowledged * * * the acknowledgment may be taken or the proof made before any officer then and there authorized to take the acknowledgment or proof of the execution of a deed of real property to entitle it to be recorded in a county clerk’s office”. In the absence of any indication of exclusivity to the contrary, these provisions are applicable to the case at bar (Election Law, § 1-102).
No valid reason has been found or propounded as to why the Legislature would deem only notaries public or commissioners of deeds capable of authenticating petitions. The underlying purpose of requiring strict compliance with the interdictions of the Election Law — that of identification and prevention of fraud — is inapplicable where there has been substantial compliance, where in any other context, the authentication would be accepted and where, as here, there is not even a suggestion of fraud.
From a practical standpoint, the difficulty in locating a *803 notary or commissioner of deeds at certain times of day and in some areas should be kept in mind, undoubtedly a consideration of the Legislature. The elective franchise, in the absence of danger of fraud or confusion should be given every liberal construction to effect its beneficient purposes.
For these reasons, there should be a reversal.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke dissents and votes to reverse in a separate opinion in which Chief Judge Breitel concurs.
Order affirmed, without costs, in a memorandum.